. No. 25,443.

WILL PROCTOR, *Appellee*, v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

AGENCY—*Tort of Agent of Railroad Company—Whether Act of Agent Was Within Scope of His Authority Question of Fact for Jury.* In an action against a railroad company for an injury done by one of its agents while attempting an arrest it is held that the evidence tended to show his conduct to have been within the scope of his authority and that the instructions complained of are free from material error.

Appeal from Wyandotte district court; division No. 3. WILLIAM H. Mc-CAMISH, judge. Opinion filed October 11, 1924. Affirmed.

*A. L. Berger*, of Kansas City, *W. F. Evans*, of St. Louis, Mo., *Joseph A. Guthrie, Henry S. Conrad,* and *Hale Houts,* all of Kansas City, Mo., for the appellant.

*George H. West,* and *P. W. Croker,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: A special officer of the Frisco railway while undertaking to arrest, one Will Proctor, a Negro, shot him with a revolver. Proctor brought this action against the railway company and recovered a judgment on account of the injury so inflicted. The defendant appeals.

The principal contention is that there was no evidence whatever to support a finding that the shooting was done in the course of the agent's employment. The defendant, while urging that the burden was on the plaintiff to prove this, and not upon the company to account for the affair in some other way, suggests that the officer made or attempted the arrest because the plaintiff had intoxicating liquor in his possession—a matter with which the railway company was not concerned. We think the evidence sufficient to support a

finding, which the jury must be deemed to have made, that what the officer did was occasioned by his belief that the plaintiff had been stealing a ride on a freight train, or had attempted it, or was about to do so.

The officer (Henry Hopkins) gave testimony to this effect: He was riding south out of Kansas City on a freight train of the defendant "as a detective." He saw two Negroes on one of the cars— a coal car. He and another officer went along the train toward them and they got off. After the train had gone about 150 yards further another Negro got on. The two officers arrested him, got off the train with him, and found liquor on his person. He told them two men had gotten off the coal car who had whisky and pistols too. Hopkins left him with the other officer and went back to see. He found and arrested one Negro, whom he turned over to the other officer. He saw the plaintiff going north and ordered him to halt, saying he was an officer. The plaintiff ran and Hopkins fired a shot from his revolver into the ground, again ordering him to halt, which he did. When Hopkins came within ten steps the plaintiff threw two bottles upon the rails, where they broke. Hopkins told him to hold up his hands, and started to search him. The plaintiff threw up his right hand as if to draw a gun and Hopkins shot him in self-defense. Hopkins' purpose in watching for other men after the arrest of Richards was to arrest for violating the prohibitory law the men about whom the man first arrested had told. He approached the plaintiff with that purpose and arrested him for having liquor. He did not see him on the train and did not see him have a pistol or throw one away.

The man first arrested testified that the plaintiff had not been on the train. The defendant introduced a written statement he had made to a policeman in which it was said that the plaintiff had been on the train but jumped off when the first arrest was made.

The plaintiff testified that he went to Rosedale to catch a train to Paola, and was walking along the track, about a mile out in the country, when the arrest was made, but did not in fact board a train; that before the shooting he had decided not to go to Paola.

Complaint is made of a negative answer given by the jury to the question whether Hopkins attempted to arrest the plaintiff for having liquor on his person. Notwithstanding the testimony of the plaintiff that he was not on the train—which the jury may not have

46—116 Kan.

believed—the question whether the arrest was made on the one hand to enforce the prohibitory law or on the other to protect the interests of the railway company was one for the determination of the triers of the facts.

An instruction was given to the effect that the defendant was responsible for a wrongful act of Hopkins if done in pursuance of a purpose "to clear the right of way, yards or trains of the defendant of undesirable characters and to prevent trespassing," and with a view of arresting the plaintiff or ejecting him from the right of way. This is objected to on the ground that there was no evidence of Hopkins having sought to clear the right of way of undesirable characters or to eject the plaintiff from the right of way, or to prevent trespassing, and also on the ground that trespassing on the right of way is not a criminal offense or an act for which an arrest can rightfully be made. That an act undertaken in behalf of the company was not lawful would not relieve it from responsibility for the consequences. As already indicated, the jury were warranted in concluding that what Hopkins did was for the purpose of punishing or preventing the stealing of rides, and if the reference to ejection from the right of way was outside the evidence the possibility of prejudice is too remote to require a reversal.

An instruction that stealing rides is a misdemeanor is objected to because of a want of evidence that the plaintiff was stealing a ride or was arrested on that account. This objection is covered by what has already been said.

The jury were told that under certain conditions involving wrongful conduct on the part of Hopkins the verdict should be for the plaintiff unless the jury found that he was not acting within the line of his duty as elsewhere instructed. This is objected to as putting the burden of proof on the defendant and in connection with other language as limiting the defense of the company to the theory of an arrest for the violation of the prohibitory law. We consider the charge taken as a whole to be free from that objection.

The judgment is affirmed.